UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. McCARTHY, | : | |
| Petitioner | : | CIVIL NO. 1:CV-15-2086 |
| vs. | : | |
| WARDEN EBBERT, | : | (Judge Caldwell) |
| Respondent | : | |

*M E M O R A N D U M*

I.   *Introduction*

The pro se petitioner, John J. McCarthy, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner is challenging a disciplinary decision resulting in the loss of good-time credit after he was charged with fighting.  McCarthy also asserts a claim that Counselor Reese violated his Eighth Amendment rights when he knowingly housed Petitioner with an assaultive inmate, labeled him a "rat," and denied him medical care after he was assaulted by his cellmate.

The petition is before the court for preliminary review.  See Rules 1(b) and 4 of the rules governing cases under 28 U.S.C. § 2254.  For the reasons that follow, McCarthy's conditions-of-confinement claims will be dismissed without prejudice and Respondent will be directed to file an answer to Petitioner's claim that he lost good-time credit after being found guilty of fighting.

II.   *Relevant Law*

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974); *Burns v. PA Dept. of Corr.*, 642 F.3d 163, 170 (3d Cir. 2011).  Because federal inmates have a protected liberty interest in good-time credit, it cannot be taken without minimum procedural due process protection.  *Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013).

A challenge to a disciplinary action that resulted in the loss of good-time credit is actionable under § 2241 because it affects the duration of the petitioner's sentence. *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008).  However, it is well-settled that a writ of habeas corpus is not the appropriate legal vehicle for seeking relief based on the conditions of one's detention.  *See Roudabush v. Warden Fort Dix FCI*, 640 F. App'x 134, 136 (3d Cir. 2016)(nonprecedential)(claims challenging prisoner's conditions of confinement not properly raised in a habeas action and the appropriate remedy is a *Bivens* lawsuit).

III.   *Background*

McCarthy alleges that inmate Jason Roman killed his former cellmate, Jimmy Baker.  McCarthy claims he saw Baker ask Counselor Reese to remove him from the cell prior to his death.  Counselor Reese allegedly responded that "he would have to see blood first."  (Doc. 1, Pet. ¶ 3).  Sometime in August or September 2015, Counselor Reese told

Roman that McCarthy was a "rat." He also assigned McCarthy to double cell with Roman. On September 28, 2015, after Roman assaulted McCarthy twice, McCarthy was removed from the cell. (*Id.* ¶ 4). Counselor Reese then issued McCarthy an incident report for fighting.

After Counselor Reese learned that McCarthy was complaining of these events to other prison staff and outside agencies, he told his new cellmate that McCarthy was a "rat." (*Id.* ¶ 9). In October 2015, prison officials investigated McCarthy's claims concerning Counselor Reese but took no action and refused his request for protective custody. (*Id.* ¶ 10).

McCarthy claims he lost good-time credit as a result of Counselor Reese's incident report and that due-process violations occurred in connection with that decision. (*Id.* ¶ 12).

IV.   *Discussion*

McCarthy is seeking relief for constitutional claims concerning his conditions of confinement related to Counselor Reese's actions (placing him situations raising a substantial risk of harm to his person and the denial of medical care). An action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), is the appropriate means of seeking relief for these types of claims. Accordingly,

McCarthy's conditions-of-confinement claims concerning Counselor Reese will be dismissed without prejudice to his filing a *Bivens* action.[1]

Respondent will be directed to file a response to McCarthy's claims concerning the loss of good-time credit for the incident report he received from Counselor Reese in September 2015 after being removed from the cell he shared with inmate Roman.

We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: August 1, 2016

---

[1] The court expresses no opinion as to the merits, if any, of the civil-rights claim McCarthy may file based on the facts asserted in the instant petition.