UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. McCARTHY, | : | |
| Petitioner | : | CIVIL NO. 1:CV-15-2086 |
| vs. | : | |
| WARDEN EBBERT, | : | (Judge Caldwell) |
| Respondent | : | |

*M E M O R A N D U M*

I.  *Introduction*

Presently before the court is a petition for a writ of habeas corpus (ECF No. 1) pursuant to 28 U.S.C. § 2241 filed by John J. McCarthy, a federal prisoner presently housed at the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg). He alleges that his due process rights were violated during disciplinary proceedings where he was found guilty of fighting, with the results that he lost good conduct time (GCT), was placed in disciplinary custody and lost other privileges.

A challenge to a disciplinary proceeding resulting in the loss of good time credit is actionable under § 2241 because it affects the duration of the petitioner's confinement. *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). However, we find no basis to support McCarthy's allegations that he received an incident report or disciplinary sanctions, so we will deny his petition.

II.   *Background*

McCarthy filed his petition on October 26, 2015, claiming that "in August - September" he was assigned to double cell with Jason Roman. (ECF No. 1, pp. 2 and 5.) McCarthy claims that on September 28, 2016, after an altercation with his cellmate, he was removed from the cell and issued an incident report for fighting.  (*Id.*, p. 2.)  McCarthy states he was "told" that he lost good time, privileges and "had to serve punitive segregation time."  (*Id.*, p. 5.)  He was not given a copy of the incident report and was denied staff representation and the opportunity to present witnesses concerning this incident.  (*Id.*)

Respondent filed a Response to the Petition on August 22, 2016.  (ECF No. 11.) Jennifer Knepper, an Attorney Advisor at USP-Lewisburg, affirms that McCarthy did not receive an incident report for fighting between August and September 2015.  (ECF No. 11-1, Knepper Decl., p. 3.)  Moreover, she affirms that a review of McCarthy's chronological disciplinary history reveals that he was not issued any incident reports from July 30, 2014, until December 27, 2015.  (ECF No. 11-1, p. 4.)

McCarthy did not file a Reply.

III.   *Discussion*

Inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause.  *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974); *see also Superintendent v. Hill*, 472 U.S. 445, 455 - 456, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).  Because federal inmates have a

protected liberty interest in good-time credit, it cannot be taken without minimum procedural due process protection.  *Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013).

Given the unchallenged record before us, McCarthy's petition will be denied as he has not demonstrated that he was subjected to any disciplinary sanction, let alone one for fighting, between July 30, 2014, and the date he filed his Petition, October 26, 2015.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 20, 2016